UNITED STATES v. BOSTON & M. R. R.

(District Court, D. Massachusetts. September 21, 1916.)

No. 694.

RAILROADS ⟨⟩229—OPERATION—PENALTIES—HAULING DEFECTIVE CAR—"NEAR-
EST AVAILABLE POINT FOR REPAIRS."

Within Safety Appliance Act, permitting without penalty a defective car to be hauled "to the nearest available point" where it can be repaired, availability depends on other considerations than mere distance; and whether, for a defective car containing freight destined to points west, E., 38 miles west of G., the point where the defect was discovered, rather than F., 17 miles east, E. and F. being the nearest repair points, was the "nearest available" point, was a matter of business judgment, on which, involving, as it does, many elements, the decision of those in charge of the business, if made in good faith, is entitled to serious consideration.

At Law. Action by the United States against the Boston & Maine Railroad. Judgment for defendant.

Geo. W. Anderson, U. S. Atty., of Boston, Mass., for the United States.

Charles S. Pierce, of Boston, Mass., for appellee.

MORTON, District Judge. This is a suit for penalties under the Safety Appliance Act. Judgment has been rendered for the plaintiff by agreement on the first and third counts of the declaration. The questions here presented arise under the second count, which in sub-stance alleges that the defendant hauled over its railroad, from Gard-ner, Mass., to East Deerfield, Mass., a box car which was out of re-pair by reason of a coupler being missing from the A end of said car. The case is submitted on an agreed statement of facts, being those con-

tained in the report of the inspectors of the Interstate Commerce Commission, from which the following appear:

The car in question was billed from Smith Mills, Me., to Lake Junction, N. Y. It was in a train which left Boston during the night of August 23, 1916; it became defective and was left behind at Gardner, with one drawbar pulled out, between 1 and 2 o'clock the next morning. Subsequently it was turned around and was attached by its good coupler behind the caboose on the end of a freight train going west from Gardner at 7:40 a. m. on August 24th. On this train it was taken to East Deerfield, where it was repaired. This is the movement on which the complaint is based. The car contained about 45 pieces of freight, including one cask of gasoline. Gardner is not a repair point for such defects as this car developed. The nearest such point was Fitchburg, which is 17 miles east from Gardner; East Deerfield is 38 miles west. The freight in the car was destined to points west.

The contention of the plaintiff is that the car ought to have been taken to Fitchburg, because the distance was shorter. Obviously some movement of the car in its defective condition was necessary; it was beyond repair with the facilities at Gardner. The defect occurred during the night; the car was loaded with freight, on some of which speedy delivery may have been important. There were unloading facilities at Gardner, but it does not appear that there was any car there into which the freight could have been transferred from the defective car. What was done involved hauling the car about 20 miles further than the distance to Fitchburg; but it "gained on the voyage," and does not appear to have substantially increased the risk of injury to employés.

The statute permits a defective car to be hauled, not simply to the nearest point where it can be repaired, but "to the nearest available point." The word "available" cannot be ignored. It has been judicially defined (in connection with the word "assets") as follows:

"The word 'available' must have been inserted for some limiting or qualifying purpose. It must have been intended as including certain assets and excluding others, else there was no reason for its use. The ordinary meaning of 'available' is 'usable, capable of being used to advantage.' Hamilton v. Menominee Falls Quarry Co., 106 Wis. 352, 359, 81 N. W. 876, 878.

Availability obviously depends, under the statute, on other considerations beside that of mere distance. Whether Fitchburg was, under all the circumstances, the "nearest available" point for the repair of this car, was a matter of business judgment. Upon such a question, involving as it does many elements, the decision of those in charge of the business, if made in good faith, is entitled to serious consideration. It is not shown to have been wrong in this instance.

Judgment for the defendant on second count.